IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

RECEIVED
2005 JUN -7 A 10: 00

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

ORLANDO MURRY,  )
    Plaintiff,  )
  )
  )
vs.  )  CIVIL ACTION NO. 2:05CV546-T
JAME DELOACH, Warden of  )
Draper Correction Center;  )
BRENDA KING, Sergeant;  )
DARLENE WESTRY, Correctional officer  )
PAULA BURKES, Correctional Officer  )
In their individual and official  )
Capacities,  )
    Defendants,

## NATURE OF THE ACTION

1. This is a 1983 action filed by an inmate at the Draper Correctional Center, alleging violations of his constitutional rights. Plaintiff also alleges that he has been deprived of rights protected by state law. Plaintiff seeks money damages, and declaratory and injunctive relief. The plaintiff requests a trial by jury.

## Jurisdiction

2. This action arises under the Eighth and Fourteenth Amendment to the United State Constitutional and 42 U.S.C. 1343 1983. This court has jurisdiction under 28 U.S.C. 1343. 28 U.S.C. 2201 authorizes plaintiff's request for declaratory relief. Plaintiff also requests that the court exercised its pendent jurisdiction over the plaintiff's state law claims.

## Parties

3. Plaintiff Orlando Murry is presently incarcerated at the Draper Correctional Center (hereinafter: "DCC").

4. Defendant James DeLoach is the Warden of DCC, and is responsible for the operation and management of it. He is ultimately responsible for the training and supervision of the correctional personnel employed at DCC. he is sued in his individual and official capacities.

5. Defendant Brenda King, an agent of defendant DeLoach, is a correctional officer at DCC and is the officer-in-charge of the 5:45 a.m. to 1:45 p.m. shift of correctional personnel. She is sued in her individual and official capacities.

6. Defendant Darlene Westry, an agent of defendant DeLoach, is a correctional officer at DCC on the 5:45 a.m. to 1:45 p.m. shift. She is sued in her individual and official capacities.

7. Defendant Paula Burke, an agent of defendant DeLoach, is a correctional officer at DCC on the 5:45 a.m. to 1:45 p.m. shift. She is sued in her individual and official capacities.

8. All Defendants have acted under color of state law during all times relevant to this complaint.

9. On March 15, 2005, defendant Burkes and Westry were assigned to Cell Block number three (3), but neither officer were in the cell block, and mostly stayed on the hallway, and forced weaker inmates (ranging in age from 16 to 65 to fight or pay violent gangs or stronger inmates to protect from being raped

or assaulted, and those raped or assaulted are afraid to report the rape or assault, because afterward they would be placed back in the cell block with gang members of the one complain of.

10. Defendant King Ordered Officers to keep the cells locked down and to stay on the hallway to keep it clear of inmates, while the influx of inmates in the cell blocks are left unsupervised, uncontrolled, and under constant threats of violence from other inmates.

11. The policies, practices, and customs of the Defendants caused Plaintiff to be assaulted and suffer injuries so severe that he had to be transported to a free world hospital for surgery.

12. Defendant DeLoach failed to take corrective action concerning the allegation described herein, even after countless reports of the violence in the institution. (See Ford v. DeLoach, CV-03-F-110-N).

## CAUSE OF ACTION

13. The actions of the defendants described herein deprived the plaintiff of due process of law guaranteed him by the Fourteenth Amendment to the United States Constitutional and protected by 42 U.S.C. 1983.

14. The action of the defendants described herein deprived the plaintiff of the right to be free of cruel and unusual punishment pursuant to the eighth and Fourteenth Amendment to

the United State Constitutional and protected by 42 U.S.C. 1983.

15. The action of the defendant described herein violated the Alabama law of assault and battery and the regulations of the Alabama Department of Corrections with respect to the lawful use of force.

## PRAYER FOR RELIEF

Wherefore, the plaintiff prays that this court:

1. Declare that the actions described herein deprived the plaintiff of rights guaranteed to him by the Eighth and Fourteenth Amendment to the United State Constitution, 42 U.S.C. 1983, and state law.

2. Grant permanent injunctive relief enjoining the defendant or their agents:

   a. From using lockdowns to build tension between inmates and staff and inmates to inmates, except when immediately necessary to prevent injury, death, or the destruction of valuable property;

   b. from using shortage of security staff in the institution to secure the facility to prevent injury, death, or the destruction of valuable property; and

3. Award the plaintiff compensatory damages in an amount $78000.00 to compensate him for the violation of his legal rights.

4. Award the plaintiff punitive damages in the amount of $10,000.00 against the defendants for the willful and intentional violation of his legal rights.

5. Grant plaintiff such other relief as the Court deems necessary and just.

Respectfully submitted this JUNE day of 6th, 2005.

Orlando Murry, 148623
Draper Correctional Center
P.O. Box 1107 Elmore, AL 36025